UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Oh, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>Sunvalleytek International, Inc.,<br><br>Defendant(s). | Case Number: 5:22-cv-00866-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## 1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Complaint alleges CAFA jurisdiction: "This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from the Defendant."  The Complaint further alleges that "there are millions of proposed class members" and that each class member was overcharged for Defendant's consumer electronics products.

Defendant is a citizen of California, as is the sole class representative.  Defendant maintains that class members outside California are not appropriate, and may bring a motion to narrow the case to a California class, in which case Defendant may then contend there is no subject matter jurisdiction.

The sole Defendant in this matter has been served and there is no dispute as to the validity of service and the Court's personal jurisdiction over Defendant.

## 2.  Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

The Complaint alleges that Defendant offered financial incentives to customers who write an online review for Defendant's products the customers purchased, thereby allegedly artificially inflating both the numbers and quality of the Defendant's reviews. The Complaint alleges that consumers like Plaintiff reasonably rely on these reviews and overpay for the products because the products are sold at a price premium due to Defendant's alleged unfair and deceptive conduct.

Plaintiff's statement of disputed fact issues:

As listed in the Complaint, the primary factual issues in this case are: whether Defendant paid for reviews; whether the practice of paying for reviews is unfair, misleading, and deceptive; whether Defendant violated statue consumer protection statutes; and damages needed to reasonably compensate Plaintiff and the proposed class.

Defendant's statement of disputed fact issues:

Defendant disputes the facts alleged in the Complaint, specifically including which products were involved in any offered incentives, whether any incentives caused any appreciable differences in reviews, whether offering incentives for reviews is unfair, misleading, and/or deceptive; whether Defendant's products were sold at a premium price based on any reviews procured as a result of unfair, misleading, and/or deceptive practices; whether Defendant violated state consumer protection statutes; whether Plaintiff class members suffered any damage resulting from any wrongful conduct by Defendant and, if so, damages needed to reasonably compensate Plaintiff and the proposed class.

## 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The Complaint asserts violations of various consumer protection acts, violation of California's Unfair Competition Law, violation of California's Consumer Legal Remedies Act, and quasi-contract / unjust enrichment.

Plaintiff's statement of disputed legal issues:

Disputed points of law include:  whether the identified Class and Subclasses should be certified under Fed. R. Civ. P. 23.

**Joint Case Management Statement**

Defendant's statement of disputed legal issues:

Disputed points of law include: whether there are questions of law or fact common to the class(es); whether the claims or defenses of the representative party are typical of the claims or defenses of the class(es); whether the representative party will fairly and adequately protect the interests of the class(es); whether the identified Class and Subclasses should be certified under Fed. R. Civ. P. 23.

## 4. **Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

There are no prior or pending motions before the Court.  Plaintiff anticipates filing a motion for class certification.  Both Parties reserve the right to file motions for summary judgment, if appropriate.

Defendant intends to bring a motion to strike and/or motion to narrow scope of class.  The parties have agreed to have this motion may be heard on August 2, 2022, based on the Court's availability and counsel's schedule, and will need to be filed in time to permit hearing on that date.  Defendant anticipates seeking to strike/narrow in order to reduce the products and class members, such as the following: 1) to narrow the class members and statutes to those in California, as opposed to all states identified in the Complaint; 2) to narrow the products to those purchased by the Plaintiff/proposed class representative, and similar products (Plaintiff purchased three products, a soundbar (electronic sound amplifying device), a computer speaker, and a humidifier.  Defendant manufacturers and sold via Amazon a very broad range of products well beyond those purchased by Plaintiff, including products such as charging devices, massagers, child swimming pools, makeup brushes, computer cords and hubs, earbuds, and candles, and many others); and 3) to narrow "incentives" at issue to those factually similar to those offered for the products purchased by Plaintiff/proposed class representative.  Defendant contends that specific product-related discovery should not occur until this motion is decided.

Plaintiff states: this contemplated motion prematurely litigates a class certification issue and lacks merit.

## 5. **Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

 The parties propose a deadline of 7/16/2022 for amending the pleadings.

## 6. **Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and have met and conferred regarding the preservation of evidence and have taken reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties stipulate to exchanging initial disclosures by 6/7/2022.

## 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.  The parties agree to the default limits on discovery in the Federal Rules.  The parties will enter into a stipulated ESI Order and Protective Order by 6/16/2022  (or submit disputed issues for resolution by the Court).

Defendant intends to file the motion described in item 4 by June 28, 2022, and requests that until the motion is decided discovery be limited to issues that would not be limited as a result of that motion.  Discovery relating to thousands of products unrelated to the products purchased by Plaintiff/proposed class representative would be unreasonably burdensome pending decision on that motion.

Plaintiff states: Defendant is seeking is a partial stay of discovery.  That requires bringing a motion to stay, which Plaintiff opposes.  And until that motion is brought and ruled on, the Federal Rules and the Court's normal rules apply.

## 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

Plaintiff brings claims (quasi-contract / unjust enrichment) on behalf of a nationwide class of all consumers who purchased Defendant's products during the class period; other claims (violations of state consumer protection acts) on behalf of a "Consumer Protection Subclass" of consumers who reside and purchased Defendant's products in certain states during the class period; and claims (violation of UCL and CLRA) on behalf of a "California Subclass" of consumers who reside and purchased Defendant's products in California during the class period.  Plaintiff seeks to certify these classes pursuant to Federal Rule of Civil Procedure 23(b)(3).

Plaintiff will file a motion for class certification on or before 2/17/2023,

As stated in items 4 and 8, Defendant contends that allowing extraordinarily broad product-specific discovery prior to class certification and prior to a decision on Defendant's motion to strike/narrow would be extremely burdensome.  As an alternative, Defendants seek to limit

discovery to class certification related issues until the class is certified due to the extraordinarily broad class of purchasers and products alleged.

## 10. <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no related cases or proceedings pending in this court, or before another court or administrative body.

## 11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Individually and on behalf of the proposed class and subclasses, Plaintiff seeks an order certifying the asserted claims, or issues raised, as a class action; a judgment in favor of Plaintiff and the proposed class; damages, including statutory, treble, and punitive damages where applicable; restitution; disgorgement, and other just equitable relief; pre- and post-judgment interest; an injunction prohibiting Defendant's deceptive conduct, as allowed by law; reasonable attorneys' fees and costs, as allowed by law; and any additional relief the Court deems reasonable and just.

Damages will be measured by the overcharge incurred by class members when they purchased Defendant's products at a price premium due to Defendant's false and misleading conduct. This price premium will be calculated by experts, based on Defendant's data, during the course of the litigation.

Defendant disputes whether any damages were incurred and, if so, the amount of said damages.

## 12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties have mutually selected private mediation as their ADR process option, and propose a deadline of 9/30/2022, to attend a mediation session (although this could need to be extended depending on the date of decision of Defendant's motion in item 4). The Parties have had preliminary discussions about scheduling an earlier private mediation.

Discovery or motions that would help negotiate a resolution include: discovery on the extent and nature of Defendant's alleged practice of paying for reviews, Defendant's knowledge of the impact of this practice on its reviews and on consumers, Defendant's sales information for its electronics products that have paid reviews, and a ruling on certification. As stated above, Defendant seeks to narrow discovery until a decision is rendered on its motion described in item 4.

**Joint Case Management Statement**

**13. <u>Consent to Magistrate Judge For All Purposes</u>**

*Whether <u>**all**</u> parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*    _X_ YES    _____ NO

**14. <u>Other References</u>**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. <u>Narrowing of Issues</u>**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

None at this time.

**16. <u>Expedited Trial Procedure</u>**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this class action can be adequately handled under the Expedited Trial Procedure.

**17. <u>Scheduling</u>**

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| CMC | 5/17/2022 |
|---|---|
| Initial disclosures | 6/7/2022 |
| Submit ESI & Protective Order | 6/16/2022 |
| Attend mediation | 9/30/2022 |
| Deadline to amend the pleadings | 7/16/2022 |
| File class certification motion | 2/17/2023 |
| Close of fact discovery | Parties to submit proposed dates within 30 days of a ruling on class certification. |
| Designation of experts | Parties to submit proposed dates within 30 days of a ruling on class certification. |
| Dispositive motions hearing | Parties to submit proposed dates within 30 days of a ruling on class certification. |

**Joint Case Management Statement**

| Pre-trial conference | Parties to submit proposed dates within 30 days of a ruling on class certification. |
| --- | --- |
| Trial | Parties to submit proposed dates within 30 days of a ruling on class certification. |

## 18. **Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff seeks a jury trial, and anticipates the trial will take 5-7 days.

## 19. **Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff states: None.  Plaintiff filed the certification on May 9, 2022.

Defendant states: Sunvalleytek International, Inc. is a wholly owned subsidiary of: Sunvalley (HK) Limited .  Defendant filed the certification on April 4, 2022.

## 20. **Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. **Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated: 5/10/2022                    */s/Jonas Jacobson*

                                   Counsel for Plaintiff

Dated: 5/10/2022                    */s/ Kim Donovan (with permission)*

                                   Counsel for Defendant

Page **7** of **8**

**Joint Case Management Statement**

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE