UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OH,<br><br>   Plaintiff,<br><br>  v.<br><br>SUNVALLEYTEK INTERNATIONAL, INC.,<br><br>   Defendant. | Case No.  22-cv-00866-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 41 |

In this putative class action, Plaintiff David Oh alleges that Defendant Sunvalleytek International, Inc., which makes, sells and markets consumer electronics, paid for high ratings and reviews of its products on websites like Amazon.com without disclosing this information to consumers. Dkt. 26 (First Amended Complaint or "FAC"). All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 9. Now before the Court is Plaintiff's motion for a preliminary injunction that would freeze certain assets of Defendant and require Defendant to provide an accounting. Dkt. 41; *see also* Dkt. 41-9. The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons discussed below, Plaintiff's motion for preliminary injunction is **DENIED**.

I.  **BACKGROUND**

Defendant Sunvalleytek is a California corporation with its principal place of business in San Jose, California. FAC ¶ 14. According to an amended corporate disclosure Sunvalleytek filed in this case, it is a wholly owned subsidiary of Sunvalley (HK) limited; which is a wholly owned subsidiary of Shenzhen Sunvalley Innovation Technology Co., Ltd; which in turn is a wholly owned subsidiary of Guangdong SACA Precision Manufacturing Co., Ltd. Dkt. 29.

In 2019, Plaintiff purchased three products sold by Defendant on Amazon.com. FAC ¶ 51.

1  He claims that he read and relied on product reviews when making these purchases. *Id.* ¶ 53.
2  Plaintiff alleges that despite the positive reviews of the products he purchased, they were poorly
3  made and of low quality. *Id.* ¶ 52. Plaintiff seeks to represent a class of consumers who
4  purchased Defendant's products. *Id.* ¶¶ 56-57.

5  According to the FAC, Amazon delisted Defendant's products in or around June 2021
6  because Defendant's product review practices violated Amazon's terms of service. *Id.* ¶ 10. In
7  the motion for preliminary injunction, Plaintiff claims that Defendant has brought an arbitration
8  against Amazon, seeking over $4 million that Amazon allegedly owes for past sales. Dkt. 41 at 6;
9  Dkt. 41-8 (Jacobson Decl.) ¶¶ 2-3.

10  Plaintiff's motion for class certification is in briefing and set for hearing on July 11, 2023.
11  Dkt. 39.

## II. LEGAL STANDARD

A preliminary injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunctive relief must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

The Supreme Court has held that a preliminary injunction may not issue to prevent the dissipation of assets pending adjudication of a claim for legal damages. *Group Mexicano Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 333 (1999). The rule is attributable to "the historical principle that before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor." *Id.* at 330. "However, by its very terms, the holding of *Grupo Mexicano* is limited to cases in which only monetary damages are sought."

2

*Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).  That holding "does not bar the issuance of an asset freeze when the plaintiff seeks both legal and equitable remedies." *Malletier v. Sadia*, No. 14-cv-05421-BLF, 2015 WL 7351465, at *4 (N.D. Cal. Nov. 20, 2015) (citing *Takaguchi v. MRI Int'l, Inc.*, 611 Fed. Appx. 919, 921 (9th Cir. 2015)).  Even so, only certain types of equitable claims will support a request for an asset freezing injunction.  Where, for example, a plaintiff creditor asserts a "*cognizable claim to specific assets of the defendant or seeks a remedy involving those assets*, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and *the preliminary relief furthers the court's ability to grant the final relief requested.*"  *Kokka & Backus, PC v. Bloch*, No. No. C 10-0110 RS, 2010 WL 458909, at *1 (N.D. Cal. Feb. 4, 2010) (citing *United States v. Oncology Assocs., PC*, 198 F.3d 489, 496 (4th Cir. 1999)) (emphasis in original); *see also Malletier*, 2015 WL 7351465, at *4-5 (stating the court has authority to freeze assets to the extent necessary to preserve the possibility of an effective accounting of Defendant's profits, as provided under the Lanham Act); *and see generally Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 558 (9th Cir. 1992) ("Rule 65 of the Federal Rules of Civil Procedure governs the *procedure* for the issuance of a preliminary injunction; the *authority* for the injunction . . . must arise (if at all) elsewhere." (emphasis in original)).  By contrast, where the plaintiff pleads an equitable theory but "has not shown how that would give it an equitable interest in [a particular asset] or a potential final remedy that directly implicates that asset," an asset-freezing injunction is not available.  *Kokka*, 2010 WL 458909, at *1.

**III.    DISCUSSION**

The FAC in this case includes claims for violation of various consumer protection statutes, as well as a claim for quasi-contract/unjust enrichment. Dkt. 26.  The relief sought by Plaintiff for himself and on behalf of the proposed class includes damages, restitution, disgorgement, injunctive relief, and other remedies.  *Id.*  The Parties' briefs did not thoroughly address whether the types of equitable claims asserted by Plaintiff establish a "cognizable claim to specific assets," such as a possible award in the arbitration between Sunvalleytek and Amazon, that would support the asset-freezing injunction Plaintiff seeks.  The Court need not resolve that issue, however,

because even if an asset-freezing injunction is available on the equitable claims in this case, Plaintiff's motion must be denied for several other reasons.

First, the evidence submitted by Plaintiff in support of his motion for preliminary injunction is not authenticated by an affidavit or declaration. "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). "Extracts from depositions, interrogatory answers, requests for admission, and other evidentiary matters must be appropriately authenticated by an affidavit or declaration." *Id.* Here, Plaintiff's motion for preliminary injunction relies on documents that were attached to the motion with no authenticating affidavit or declaration. *See* Dkt. 41-1 to 41-8, 42-4. Plaintiff's motion is properly denied solely based on this failure to authenticate the evidence upon which he relies.

Second, even if the Court considered the evidence submitted by Plaintiff, Plaintiff has not demonstrated that an asset-freezing injunction is appropriate. As an initial matter, Plaintiff's effort to demonstrate entitlement to freeze a possible award in the Amazon-Sunvalleytek arbitration apparently assumes that a class will be certified. *See* Dkt. 41 at 6 (arguing that Defendant's cash assets are "not close to sufficient to satisfy any judgment obtained by Plaintiff *and the proposed class*") (emphasis added); *see generally id.* at 4-8 (arguing that "Plaintiff and the proposed class" satisfy the requirements for injunctive relief). However, the Parties are still briefing Plaintiff's motion for class certification; the Court has not yet heard or decided that motion, which is set for hearing on July 11, 2023. Plaintiff alleges that he purchased three items from Sunvalleytek: a TV soundbar, a computer speaker, and a humidifier. FAC ¶ 51. Even if successful on his individual claims he would lay claim to only a small fraction of the arbitration award, which Plaintiff estimates in the range of $4 million. *See* Dkt. 41 at 2.

Moreover, Plaintiff's evidence falls far short of showing that irreparable harm is likely to result absent a preliminary injunction. Plaintiff's irreparable harm argument is that he and the class are "likely to be left with an uncollectable judgment" because "[D]efendant has a history of sending its assets overseas." Dkt. 41 at 1; *see also id.* at 6-7. However, Plaintiff has failed to demonstrate that Defendant is in fact transferring money outside the United States. Even

accepting Plaintiff's unauthenticated evidence at face value, it shows only that Defendant Sunvalleytek, a California corporation headquartered in San Jose, has foreign ownership. *See* Dkt. 41 at 6; *see also* Dkt. 29 (Defendant's certificate of interest). Plaintiff then relies on the revenue and cash asset numbers in Defendant's balance sheets to argue that Defendant "has a history of sending nearly all of its earnings to its parent entities in China." Dkt. 41 at 6. However, the "evidence" relied upon is not sufficient to establish that Defendant is transferring assets outside the United States or that Defendant's conduct will impair the Court's ability to grant the final relief requested absent an asset-freezing preliminary injunction.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's motion for preliminary injunction is **DENIED**.

**SO ORDERED.**

Dated: May 17, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

5