1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   DAVID OH,                                    Case No.  22-cv-00866-SVK
8                    Plaintiff,                  **ORDER ON MOTION FOR CLASS
                                                 CERTIFICATION AND
9          v.                                    APPOINTMENT OF CLASS
                                                 REPRESENTATIVE AND CLASS
10  SUNVALLEYTEK INTERNATIONAL,                  COUNSEL; ORDER SETTING STATUS
    INC.,                                        CONFERENCE**
11
                     Defendant.                  Re: Dkt. No. 39
12

United States District Court
Northern District of California

13         Plaintiff David Oh alleges that Defendant Sunvalleytek International, Inc., which makes,

14  sells and markets consumer electronics, paid for high ratings and reviews of its products on

15  websites like Amazon.com without disclosing this information to consumers.  Dkt. 26 (First

16  Amended Complaint or "FAC").  Now before the Court is Plaintiff's motion for class certification

17  and appointment of a class representative and class counsel.  Dkt. 39.  All Parties have consented

18  to the jurisdiction of a magistrate judge.  Dkt. 6, 9.  The Court held a hearing on August 22, 2023.

19  For the reasons discussed below, Plaintiff's motion for class certification and appointment of class

20  representative and class counsel is **GRANTED**.

21  **I.       BACKGROUND**

22         Defendant Sunvalleytek is a California corporation with its principal place of business in

23  San Jose, California.  FAC ¶ 14.  According to an amended corporate disclosure Sunvalleytek

24  filed in this case, it is a wholly owned subsidiary of Sunvalley (HK) limited; which is a wholly

25  owned subsidiary of Shenzhen Sunvalley Innovation Technology Co., Ltd; which in turn is a

26  wholly owned subsidiary of Guangdong SACA Precision Manufacturing Co., Ltd.  Dkt. 29.

27         In 2019, Plaintiff purchased three products sold by Defendant on Amazon.com.  FAC ¶ 51.

28  He claims that he read and relied on product reviews when making these purchases.  *Id.* ¶ 53.

Plaintiff alleges that despite the positive reviews of the products he purchased, they were poorly made and of low quality. *Id.* ¶ 52. Plaintiff seeks to represent a class of consumers who purchased Defendant's products on Amazon. *Id.* ¶¶ 56-57.

Plaintiff now moves for an order certifying the following class: "All individuals who purchased an electronics product sold by a Sunvalleytek International, Inc. Amazon storefront, while living in California" during various specified time periods (February 10, 2018 to present for the UCL claim and February 10, 2019 to present for the CLRA and unjust enrichment claims). Dkt. 39 at 7 (motion); *see also* Dkt. 56 (reply). Plaintiff also seeks appointment of himself as class representative and his counsel from the law firm of Dovel & Luner, LLP as class counsel. Dkt. 39 at 12-13; *see also* Dkt. 39-1 (proposed order). Defendant opposes the motion. Dkt. 47. At the hearing, the Court ordered the Parties to submit further briefing on whether this case involves a consistent alleged misrepresentation that would support class certification, which the Court has now received and reviewed. Dkt. 60 (Plaintiff's supplemental brief); Dkt. 61 (Defendant's supplemental brief).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(a), a court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Courts refer to these four requirements as 'numerosity, commonality, typicality[,] and adequacy of representation.'" *Young v. Cree Inc.*, No. 4:17-cv-06252-YGR, 2021 WL 292549, at *4 (N.D. Cal. Jan. 28, 2021) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012)). The plaintiff bears the burden of providing that these requirements are satisfied. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule").

Once the threshold requirements of Rule 23(a) are met, plaintiffs must then show "through

United States District Court
Northern District of California

1 evidentiary proof" that a class is appropriate for certification under one of the provisions in Rule

2 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Here, Plaintiff seeks certification

3 under Rule 23(b)(3). Dkt 39 at 9. That section requires a plaintiff to establish "that the questions

4 of law or fact common to class members predominate over any questions affecting only individual

5 members, and that a class action is superior to other available methods for fairly and efficiently

6 adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry focuses on

7 "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."

8 *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

9 "[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap

10 with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,

11 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351); *see also Mazza*, 666 F.3d at 588.

12 The Court considers the merits to the extent they overlap with the Rule 23 requirements. *Ellis*,

13 657 F.3d at 980. The Court must resolve factual disputes as "necessary to determine whether there

14 was a common pattern and practice that could affect the class *as a whole*." *Id*. at 983 (emphasis in

15 original).

16 Ultimately, a trial court has wide discretion in making the decision to grant or deny a

17 motion for class certification. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir.

18 2010).

19 **III.    DISCUSSION**

20 As discussed in more detail below, Plaintiff's argument in favor of class certification is

21 that Defendant's alleged practice of paying for reviews but not disclosing this fact to consumers is

22 a consistent, deceitful practice that harmed all class members. Plaintiff offers a showing on all

23 four of Rule 23(a)'s threshold requirements for class certification — numerosity, commonality,

24 typicality, and adequacy of representation. On numerosity, Plaintiff argues that Defendant's

25 California revenue in 2020 "reflects electronics products sales to tens of thousands (and even

26 hundreds of thousands) of consumers." Dkt. 39 at 7-8; *see also* Dkt. 40-3. Defendant does not

27 dispute the size of the proposed class. The Court finds that the proposed class satisfies the

28 numerosity requirement. *See Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1093 (N.D. Cal.

2018) (finding numerosity requirement met where plaintiff provided evidence that unit and dollar sales of products at issue suggested at least thousands of the relevant products during the class period); *see also Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010) (although numerosity requirement "not tied to any fixed numerical threshold," courts generally find numerosity requirement met when class includes at least 40 members).

On the requirement of adequacy of representation, Plaintiff argues that he and his attorneys will adequately represent the class. The adequacy requirement turns on (1) whether named plaintiff and his counsel have any conflicts of interest with other class members and (2) whether named plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Hadley*, 324 F. Supp. 3d at 1118 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Plaintiff has submitted a declaration indicating that he understands his duties as class representative, is willing and able to perform those duties, has no conflicts with other class members, and has interests aligned with other class members. *See* Dkt. 39-4. Plaintiff's counsel has submitted a declaration indicating counsel's knowledge and experience in handling class actions such as this one, efforts to identify potential claims and class members, and resources to devote to this action. *See* Dkt. 39-5. Defendant challenges the appropriateness of class certification in this case but does not contest Plaintiff's showing that he and his counsel are adequate representatives of the class if it is certified. Accordingly, the adequacy requirement is satisfied.

Defendant's opposition to class certification centers on three interrelated arguments directed both at the remaining commonality and typicality requirements of Rule 23(a) and the additional requirements under Rule 23(b) that common questions predominate and that a class action is the superior method for resolving those questions. Specifically, Defendant contends that certain elements of the causes of action set forth by Plaintiff cannot be resolved on a classwide basis. Dkt. 47 at 6-9. Defendant also argues that Plaintiff's claims are not typical of the proposed class. *Id.* at 9-10. Finally, Defendant argues that common questions do not predominate over individualized inquiries. *Id.* at 10-12.

All of these arguments by Defendant are rooted in the fact that different members of the

proposed class purchased different Sunvalleytek products and therefore were exposed to different reviews on Amazon.  Defendant argues that each product purchased by members of the proposed class "may have had different reviews, different quantities of reviews, and the reviews may have been interpreted differently by each potential class member." *Id.* at 10.  Defendant offers research that the degree to which reviews influence a consumer's buying decision is affected by several factors such as price of the product, degree of uncertainty or risk involved in the purchase, average star rating, presence of negative reviews, and number of reviews.  *Id.* at 6; Dkt. 47-1 at Ex. C. Defendant contends that materiality, reliance, and damages cannot be addressed on a classwide basis because the relevant products were sold at various prices and for various purposes.  *See* Dkt. 47 at 6-10.

Reflecting Defendant's arguments in this regard, most of the hearing on the motion focused on whether class certification is appropriate in cases involving different alleged misrepresentations regarding different products (rather than in situations involving consistent representations on packaging or other uniform representations), and the Court requested supplemental briefing addressing this issue.  Over the course of initial and supplemental briefing on the present motion and during the hearing, Plaintiff has clarified that his claims do not rely on the fact that any particular review of any specific product was a paid review.  Instead, Plaintiff's theory is that Defendant failed to disclose to consumers that its paid reviews scheme was widespread and was biasing review scores across its products or, in other words, that Sunvalleytek's omission left the misleading impression that the review scores for each product were honest, unbiased, and not influenced by compensation provided to customers.  *See* Dkt. 60 at 1.

Plaintiff contends that there are common questions as to (1) whether Defendant had a widespread practice of paid reviews and (2) whether the practice was deceptive and material.  *See* Dkt. 56 at 1-2.  In support of the existence of a widespread practice, Plaintiff relies on the depositions of Allen Fung and Darhan Haggagi, former employees of Defendant who testified in deposition that the company engaged in a scheme of paid reviews.  *See* Dkt. 39 at 4-6; Dkt. 39-11 (Fung depo.); Dkt. 39-12 (Haggagi depo.).  Plaintiff offers a report from an advertising expert,

1  Bruce Silverman, who opines that Defendant's alleged concealment of its practice of paying for

2  reviews was likely to be deceptive and material to a reasonable consumer.  Dkt. 39-2 (Silverman

3  Report); *see also* Dkt. 39 at 6-7, 9-10.  Defendant responds by arguing that Plaintiff has not shown

4  that the practice of paid reviews was across all products rather than just the projector line in which

5  Mr. Haggagi was involved.  Dkt. 47 at 2-3, 5-8.  Defendant also reiterates its argument that the

6  effect of reviews on consumers depends on factors such as price and the degree of uncertainty or

7  risk involved in the purchase.  *Id.* at 5-9; *see also* Dkt. 47-1 and exhibits thereto.

8      In a case that the Court specifically asked the Parties to address in their supplemental

9  briefs, a court in another district held that "[c]lass certification is not defeated where the

10  representations at issue present minor deviations or non-material differences."  *Allegra v.*

11  *Luxottica Retail N. Am.*, 341 F.R.D. 373, 426 (E.D.N.Y. 2021).  What matters instead is whether

12  "the representations conveyed to class members … were materially consistent."  *Id.*  Thus, for

13  example, in *Allegra* the district court certified a class of purchasers of prescription eyewear who

14  had been exposed to "a common and consistent message" through a multichannel marketing

15  campaign claiming that the defendant's measurement system allowed consumers clearer, better

16  vision.  *See id.* at 427.  In supplemental briefing, Plaintiff also pointed to false discount cases, where a

17  manufacturer offers false discounts across multiple products, as a helpful analogy.  Dkt. 60 at 3.

18  Although products and the specific deceptive practice, the proffered discounts, varied, the practice was

19  sufficiently consistent to warrant class certification.  *See, e.g.,* Order on Motion for Class Certification,

20  at 8-9, *Brazil v. Dell Inc.*, No. 5:07-cv-01700-RMW, Dkt. 306 (N.D. Cal. Dec. 21, 2010) (certifying

21  class of California citizens "who on or after March 23, 2003, purchased … Dell-branded products

22  advertised with a represented former sales price").

23      Here, Plaintiff contends that there was a consistent omission:  Defendant's failure to

24  disclose its paid review scheme.  *See* Dkt. 60 at 1.  Plaintiff argues that this omission conveyed the

25  "consistent message [] that Sunvalleytek's reviews were honest, unbiased, and not influenced by

26  compensation provided to customers."  *Id.*  At this class certification stage, the Court concludes

27  that Plaintiff has offered sufficient evidence to establish that his theory of liability presents

28  common questions regarding whether a reasonable consumer would be likely to be deceived by

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's concealment of its paid review scheme and whether that concealment would be important to a reasonable consumer deciding whether to purchase one of Defendant's products. *See, e.g.,* Dkt. 39-2 (Silverman expert report).  Defendant's submission of an attorney declaration attaching journal articles arguing that other factors influence consumers' purchasing decisions is not adequate, particularly at this stage of the case, to rebut the evidence offered by Plaintiff on these issues.  *See* Dkt. 47-1 and Exs. B and C thereto.  Moreover, in addition to showing that the commonality requirement is satisfied, Plaintiff has shown that his claims under his theory of liability are typical of those of the class, common questions predominate, and a class action is the superior method for resolving those questions.

Defendant's remaining arguments do not overcome Plaintiff's showing that class certification is appropriate.  Defendant argues that Plaintiff has failed to offer any "definitive proof" that Sunvalleytek's alleged incentivization of reviews is deceptive or unfair and "does not sufficiently substantiate" the claim that Defendant's review practice materially influenced a reasonable consumer's purchase decision," as required for Plaintiff to prevail on the deception-based UCL claim.  Dkt. 47 at 1, 5-6.  Defendant also argues with respect to the unfairness prong of the UCL, "Plaintiff has failed to demonstrate that the alleged paid review program's negatives outweigh its positives or that it infringes public policy" and that the claims under the unlawful prong also "lack strength."  *Id.* at 1, 6-7.  Defendant further challenges Plaintiff's ability to prove his unjust enrichment claim because "[m]erely receiving a benefit through paid reviews does not automatically lead to unjust enrichment for the Defendant."  *Id.* at 2, 8-9.  All of these arguments focus on whether Plaintiff is likely to ultimately succeed on the merits of his claims.  However, although the Court considers the merits to the extent they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied, it is not proper "to engage in free-ranging merits inquiries at the certification stage."  *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 568 U.S. 455, 466 (2013).  Rule 23 does not set forth a "mere pleading standard" and requires the plaintiff to establish that each Rule 23 requirement is satisfied.  *Dukes*, 564 U.S. at 351; *Parsons v. Ryan,* 754 F.3d 657, 674 (9th Cir. 2014).  Here, Plaintiff has met that standard as discussed above.

United States District Court
Northern District of California

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for class certification and appointment of class representative and class counsel is **GRANTED**.  The Court certifies the following class: All individuals who purchased an electronics product sold by a Sunvalleytek International, Inc. Amazon storefront, while living in California. The class includes those individuals that purchased products during the applicable statute for the UCL, CLRA, and unjust enrichment claims:

• UCL claim:  February 10, 2018, to present

• CLRA claim:  February 10, 2019, to present

• Unjust enrichment claim:  February 10, 2019, to present.

The Court further orders that Plaintiff David Oh is appointed as the class representative, and Plaintiff's counsel, Jonas Jacobson, Simon Franzini, and Alexander Erwig of Dovel & Luner LLP are appointed as class counsel.

The parties are directed to meet and confer on a case schedule through trial, including further ADR proceedings, and submit a joint statement by **November 7, 2023**.  A status conference is set for **November 14, 2023 at 9:30 a.m.**

**SO ORDERED.**

Dated: October 3, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

8