UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OH,<br><br>           Plaintiff,<br><br>    v.<br><br>SUNVALLEYTEK INTERNATIONAL, INC.,<br><br>           Defendant. | Case No.  22-cv-00866-SVK<br><br>**ORDER ON ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 40, 42 |

Now before the Court are administrative motions for leave to file under seal portions of documents filed in connection with Plaintiff's motion for a preliminary injunction and motion for class certification. Dkt. 40, 42; *see also* Dkt. 55 (statement of Sunvalleytek in support of sealing).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local

Rule 79-5.

Here, the Court applies the "compelling reasons" standard because the information the parties seek to seal was submitted to the Court in connection with motions that are "more than tangentially related" to the merits of the case. The Court may reach different conclusions regarding sealing these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Exhibit 10 to Plaintiff's Motion for Class Certification | Entire Document | Defendant's corporate tax return containing sensitive financial information, disclosure of which could cause commercial harm to Defendant and in which there is no identified countervailing public interest in disclosure |
| Plaintiff's Motion for Preliminary Injunction | Redacted portions at 2:20-22; 5:20-24; 6:13-16; 7:21-22 | Narrowly tailored to protect sensitive financial information, disclosure of which could cause commercial harm to Defendant and in which there is no identified countervailing public interest in disclosure |
| Exhibit 2 to Plaintiff's Motion for Preliminary Injunction | Entire document | Defendant's corporate balance sheets containing sensitive financial information, disclosure of which could cause commercial harm to Defendant and in which there is no identified countervailing public interest in disclosure |

**SO ORDERED.**

Dated: October 3, 2023

SUSAN VAN KEULEN
United States Magistrate Judge