UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OH,<br><br>             Plaintiff,<br><br>     v.<br><br>SUNVALLEYTEK INTERNATIONAL, INC., et al.,<br><br>             Defendants. | Case No. 22-cv-00866-VC<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY ASSET-FREEZING INJUNCTION**<br><br>Re: Dkt. No. 92 |

Oh's renewed motion for a preliminary asset-freezing injunction is denied. Even assuming authority to freeze assets in these circumstances and that Oh has demonstrated a likelihood of success on the merits, Oh has not met his burden for a preliminary injunction. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.[1]

1. Oh has requested a freeze on the approximately $4.75 million worth of assets tied up in Sunvalleytek's arbitration with Amazon, as well as a freeze on all other Sunvalleytek assets until sixty days after an accounting is completed. But Oh has not shown that the class is likely to receive $4.75 million—or any specific amount—in restitution.

Based on a "conservative estimate" that Sunvalleytek would owe the class 20% of its California revenue, Oh says the class would recover $2.87 million for 2020 alone (not to mention

---

[1] As discussed at the hearing on this motion, that Oh has demonstrated a likelihood of success on the merits of his equitable Unfair Competition Law claim is a questionable assumption given the apparently adequate damages remedy available under his Consumer Legal Remedies Act claim. *See Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1312–13 (9th Cir. 2022).

other years). But Oh has not given any reason to think that 20% of Sunvalleytek's California revenue from the relevant time period is a conservative estimate or a reasonably likely recovery. Although Oh's damages expert stated (in a declaration submitted in support of Oh's motion for class certification) that regression analysis "can be used" to estimate the price premium consumers paid for products with paid-for positive reviews and removed negative reviews, this analysis has not yet been conducted. And no other evidence of the amount of this premium has been presented. There is thus no reason to conclude that the class is likely to recover 20% of Sunvalleytek's California revenue as opposed to 10%, 5%, or even 2%. Particularly when the plaintiffs have not alleged that the products they purchased from Sunvalleytek were defective.

Oh also suggests that, instead of recovering a price premium, the class could obtain disgorgement of Sunvalleytek's profits over the relevant period. But in calculating restitution under the UCL, the "focus is on the difference between what was paid and what a reasonable consumer would have paid at the time of purchase without the fraudulent or omitted information." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015). "While a full refund may be proper when a product confers *no* benefit on consumers, such is not the scenario here." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 802 (Cal. Ct. App. 2015).

*SEC v. Liu*, 851 F. App'x 665, 668 (9th Cir. 2021), an unreported case, states that a party is not required "to show a reasonable likelihood of the *amount* of an equitable remedy to obtain an asset freeze." To the extent this panel meant to say that a plaintiff can obtain an asset freeze without demonstrating any proximity whatsoever between the amount of assets to be frozen and the amount that could be recovered at the end of the case, this Court declines to follow it. This would flip on its head the preliminary injunction analysis, under which the moving party has the burden of persuasion. It would also mean that a plaintiff seeking $100 in restitution could freeze $100 million of a defendant's assets if they meet the other preliminary injunction criteria. That cannot be right.

2. More importantly, Oh has not shown that irreparable injury is likely. Oh's assertions that Sunvalleytek is nearing insolvency are speculative. While Sunvalleytek may have had less

cash on hand in 2021 than it did in the years prior and may have lost a key revenue source by getting banned from Amazon, three years have passed and the company still exists. And whatever its previous litigation conduct, Sunvalleytek has retained new counsel and appears to be actively litigating this case. Finally, in the Second Amended Complaint, Oh added as a defendant Sunvalley (HK) Limited, Sunvalleytek's parent entity, alleging that Sunvalley HK controlled and participated in the paid-review scheme. Sunvalley HK has consented to personal jurisdiction, and Oh has made no allegation that this parent company is insolvent, approaching insolvency, or otherwise unable to pay any judgment in this case.

     A preliminary injunction is a discretionary remedy. Oh has not met his burden of persuading the Court that one should issue here. His motion is denied.

     **IT IS SO ORDERED.**

Dated: July 16, 2024

                                                VINCE CHHABRIA
                                                United States District Judge